IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

O'NEAL JOHNSON,                           )
                                          )
            Plaintiff,                    )
                                          )
     v.                                   )    No.  05 C 4279
                                          )
OFFICER PATRICK JOHNSON, et al.,          )
                                          )
            Defendants.                   )

## MEMORANDUM OPINION AND ORDER

In accordance with this Court's January 19, 2007 memorandum order, entered contemporaneously with its approval of the parties' jointly submitted Final Pretrial Order, each side has filed timely motions in limine and timely responses to the other side's motions. Plaintiff's counsel has not opposed defendants' motions, so that this Court has already entered a minute order granting them. But defense counsel has filed a response to each of plaintiff's eight motions, and this memorandum opinion and order will address them.

To begin with, no opposition has been expressed as to plaintiff's Motion Nos. 6 (Dkt. 46) or 7 (Dkt. 47), although defense counsel has advanced a contingent hedge as to the latter. Both those motions are granted.

As for Motion No. 1 (Dkt. 41), defense counsel acknowledges its soundness as to the portion of plaintiff's 42 U.S.C. §1983 ("Section 1983") claim that is colloquially referred to as a "false arrest" claim, but counsel asserts that the state criminal

court's probable cause finding is relevant and hence admissible as to plaintiff's state law claim of malicious prosecution (Amended Complaint Count III). That calls for a brief reply by plaintiff's counsel, which must be filed on or before May 16, 2007.

Essentially the same point has been made by defense counsel as to Motion No. 2 (Dkt. 42). Accordingly plaintiff's filing ordered in the preceding paragraph should address Motion No. 2 as well.

Motion No. 3 (Dkt. 43) seeks to bar any evidence of statements that were assertedly made by plaintiff's brother Gene Johnson ("Gene"). Defendants respond accurately that those out-of-court statements are not hearsay: They are said to be offered not for their truth but rather for the fact of their having been made, so as to provide part of the total mix that assertedly justified defendants' actions. Motion No. 3 (Dkt. 43) is therefore denied, subject to its being reasserted (perhaps as to individual statements by Gene) at the time of trial.

Motion No. 4 (Dkt. 44) seeks to bar evidence of plaintiff's prior criminal convictions. But two grounds for admissibility of that evidence exist:

    1. Fed. R. Evid. ("Rule") 609(a)(1) expressly permits plaintiff's impeachment via such convictions, although in that respect the concerns posed by Rule 403 may call for

referring to plaintiff's prior criminal record in more generic terms than identifying a specific offense or offenses. This Court will review that possibility in context at the time of trial.

   2. It may be that the nature of plaintiff's prior offenses, if known to defendants when they acted, could bear on the reasonableness or propriety of defendants' actions.

Again that can best be addressed in the trial environment. Hence Motion No. 4 is tentatively granted, albeit to an extent to be determined later.

Motion No. 5 seeks to bar evidence as to plaintiff's prior <u>arrests</u>, as contrasted with the prior <u>convictions</u> issue just dealt with. Courts regularly differentiate sharply in their treatment of those subjects, both because of a lack of probative force to be attached to an arrest[1] and because of the danger that juries may treat arrests as evidencing a propensity to commit wrongful acts--both of those things calling for a negative balancing under Rule 403. In this instance defense counsel do point out that plaintiff listed his address as 4207 South Princeton in Chicago on numerous occasions when arrested and that

---

   [1] It is surely worth observing that counsel for police officers sing a very different tune whenever plaintiffs seek to introduce evidence of other charges of misconduct brought against their clients. There defense counsel invariably urge that nothing short of a criminal conviction (or at least a sustained complaint) should be admitted into evidence.

his place of residence is at issue in the case. That, however, can readily be covered by a stipulation without disclosing that his listing of that address was in conjunction with an arrest. Motion No. 5 (Dkt. 45) is granted.

Finally, Motion No. 8 seeks to bar evidence as to prior litigation brought by plaintiff. Here too defense counsel points to plaintiff's statements in earlier lawsuits as to the 4207 South Princeton address, and what has been said earlier in that regard is equally applicable here. Defense counsel also raises the possibility of introducing extrinsic evidence of plaintiff's prior inconsistent statements in other lawsuits under Rule 613(b), and that issue can best be resolved in the context of the trial. Hence Motion No. 8 (Dkt. 48) is granted, subject to possible limited exceptions as called for during the trial.

## Conclusion

As stated at the outset, this Court has previously granted defendants' motions in limine (Dkt. 49) without objection. As for plaintiff's Motions:

1. Nos. 1 (Dkt. 41) and 2 (Dkt. 42) call for a brief reply by plaintiff's counsel, which shall be filed on or before May 16, 2007.

2. No. 3 (Dkt. 43) is denied, subject to reassertion at the time of trial.

3. No. 4 (Dkt. 44) is tentatively granted, to an

extent to be determined later.

    4.  Nos. 5 (Dkt. 45), 6 (Dkt. 46) and 7 (Dkt. 47) are granted.

    5.  No. 8 (Dkt. 48) is granted, subject to possible limited exceptions as called for during the trial.

    _____
    Milton I. Shadur
    Senior United States District Judge

Date: May 3, 2007