```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

O'NEAL JOHNSON,                       )
                                      )
                  Plaintiff,          )
                                      )
     v.                               )    No. 05 C 4279
                                      )
OFFICER PATRICK JOHNSON, et al.,      )
                                      )
                  Defendants.         )
```

SUPPLEMENT TO MEMORANDUM OPINION AND ORDER

This Court's May 3, 2007 memorandum opinion and order ("Opinion"), which addressed the parties' motions in limine that had followed this Court's approval of their jointly submitted Final Pretrial Order, explained that further input was needed to resolve Motion Nos. 1 and 2 that had been tendered by plaintiff O'Neal Johnson ("Johnson"). Each side has now provided added submissions on that score, and this supplement to the Opinion will deal with those two remaining motions.

Each motion is opposed by defense counsel on the predicate that the challenged evidence is assertedly relevant to Count III of Johnson's Amended Complaint ("AC"), captioned "Malicious Prosecution (Illinois Law)." Count III begins by incorporating the allegations of AC ¶¶1 through 25 (those paragraphs set out (1) a statement of facts common to all of the AC's counts and (2) Johnson's 42 U.S.C. §1983 claims labeled "False Arrest" and "Excessive Force") and then continues with these substantive allegations (AC ¶¶27-28):

27. Without probable cause or any justification whatever, Defendants agreed to and did maliciously charge plaintiff with the following offenses: Unlawful Use of a Weapon; Defacing Firearm I.D. Marking.

28. By means of Officer Johnson's false testimony and Defendant's malicious charges against Plaintiff, Defendants deprived Plaintiff of his liberty without due process of law.

There is no dispute between the parties as to the elements of an Illinois malicious prosecution claim, as stated accurately by our Court of Appeals in Reed v. City of Chicago, 77 F.3d 1049, 1051 (7th Cir. 1996):

> To state a claim for malicious prosecution under Illinois law, a plaintiff must allege that: (1) he was subjected to judicial proceedings; (2) for which there was no probable cause; (3) the defendants instituted or continued the proceedings maliciously; (4) the proceedings were terminated in the plaintiff's favor; and (5) there was an injury.

As defendants would have it, Johnson's need to prove the second of those elements calls for the admission at trial (a) of evidence of the state criminal court's finding of probable cause (Motion No. 1) and (b) of certain statements assertedly made by Johnson and certain information ascertained by defendants after Johnson's arrest (Motion No. 2).

But that position, which hangs its figurative hat on the probable cause component of a malicious prosecution claim, is torpedoed by the long-established Illinois doctrine (fully a century old) that the type of conduct that has been ascribed by Johnson to defendants over and above their assertedly malicious

motives--Officer Patrick Johnson's false and fraudulent testimony during plaintiff Johnson's trial--vitiates any probable cause finding proximately caused by that false and fraudulent information. As DeCorrevant v. Lohman, 84 Ill.App.2d 221, 228, 228 N.E.2d 592, 595 (1st Dist. 1967) (citing that earlier authority) puts it:

> The parties agree that DeCorrevant's conviction of assault and battery by the magistrate constitutes a prima facie defense to his action for malicious prosecution despite the fact that he was afterwards found not guilty in the de novo trial. They further agree that this defense can be overcome by proof that the conviction was procured by false testimony, fraud, corrupt practices or unlawful means (Conkling v. Whitmore, 132 Ill.App. 574 (1907); cf. McElroy v. Catholic Press Co., 254 Ill. 290, 98 N.E. 527 (1912)).[1]

In accordance with that principle, such cases as Sneed v. Rybicki, 146 F.3d 478, 481 (7th Cir. 1998) have pointed to a malicious prosecution plaintiff's need for a showing, for example, "that 'detectives gave perjured testimony,' or 'falsified any information or evidence.'" In doing so, Sneed quoted from the like holding in Reed, 77 F.3d at 1053. And that same holding has been echoed at the District Court level by such cases as Bullock v. Village of Calumet Park, No. 00 C 6364, 2001 WL 845479, at *3-*4 (N.D. Ill. July 26), Salto v. Mercado, No.

---

[1] [Footnote by this Court] DeCorrevant's reference to the different results arrived at in the magistrate's initial decision and in the ultimate trial corresponds to the situation posed in this case under current practice, where the initial determination of probable cause was followed by Johnson's acquittal at trial.

96 C 7168 (1998 WL 142397, at *1 (N.D. Ill. Mar. 24) and Starling v. Cronin, No. 98 C 7900, 2000 WL 1036301, at *6 (N.D. Ill. July 21).

That analysis is the key that unlocks the door that has separated the parties as to both Motion No. 1 and Motion No. 2. If the jury at trial finds that the officers' testimony at trial (a trial that ultimately resulted in Johnson's acquittal) was false and fraudulent and also finds the other elements of the malicious prosecution claim have been met, the earlier finding of probable cause by the state court judge cannot defeat Johnson's malicious prosecution claim and is therefore irrelevant. Conversely, if the jury does not so find, the malicious prosecution claim will fail as a matter of law, and this Court will rule in defendants' favor on that claim.

Either way, then, the introduction of the probable cause determination plays no part. Hence the admission of the disputed evidence would not only be inappropriate but would create the kind of unfair prejudice against which Fed. R. Evid. 403 provides a shield.

## Conclusion

Both Johnson's Motion No. 1 (Dkt. 41) and his Motion No. 2 (Dkt. 42) are granted. With that done, all motions in limine have been dealt with, and the case is ready for the previously

4

scheduled trial.

				_____
				Milton I. Shadur
				Senior United States District Judge

Date:  May 18, 2007